## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Medcapgroup, LLC, | 2:14-cv-01864-JAD-GWF |
|     Plaintiff | **Order Denying Without Prejudice Request for Clerk to Enter Default on Fourth-Party Defendant Greg Sundem** |
| v. | |
| Praxsyn, Inc., fka Mesa Pharmacy, Inc., | [ECF 48] |
|  Defendant | |
| AND RELATED CLAIMS | |

On December 22, 2015, Third-party defendant/Fourth-party plaintiff Dave Brown asked the Clerk of Court to Enter Default against Fourth-party defendant Greg Sundem.[1] Brown represents that service was effected on Sundem on October 19, 2015, and Sundem has not pled or otherwise appeared in this action.[2] The Amended Proof of Service reflects that Sundem was personally served with the summons and complaint by leaving those documents with "the community security guard who denied access to" Sunden's home in a gated community in Castle Rock, Colorado.[3] The process server's notes state that he "left the documents at the guard shack on the concrete blocks. The guard wouldn't take them but said they would get forwarded to the county."[4] The Amended Proof of Service further represents that the documents were served "Per Nevada Revised Statute 14.090," a supplemental method of service in Nevada that permits service on a person living in a guard-gated community "if there is . . . [a] guard posted at the gate

---

[1] ECF 48.

[2] *Id.*

[3] ECF 45.

[4] *Id.* at 2.

and the guard denies access to the residence for service of process."[5]  This Nevada statute provides that "service of process is effective upon leaving a copy thereof with the guard."[6]

Brown has not demonstrated that this Nevada method of service on this Colorado defendant is sufficient under FRCP 4 to effectuate service of process and trigger Sundem's obligation to plead or otherwise defend.  Assuming it could be, Brown has not demonstrated that the process server complied with NRS 14.090 by "leaving" the documents "with the guard" nor provided any assurances that leaving the documents "on the concrete blocks" outside this community where the guard represented that she would send them "to the county" is reasonably calculated to provide notice of this lawsuit to this fourth-party defendant.

Accordingly, IT IS HEREBY ORDERED that Brown's Request to Clerk to Enter Default on Fourth-party Defendant Greg L. Sundem **[ECF 48] is DENIED** without prejudice to Brown's ability to file a renewed motion for default that demonstrates that Sundem was properly served.

Dated this 29th day of December, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[5] Nev. Rev. Stat. 14.090 (1)(a).

[6] *Id.*