UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MEDCAPGROUP, LLC, | |
|     Plaintiff, | Case No. 2:14-cv-1864-JAD-GWF |
| vs. | |
| PRAXSYN, INC., formerly known as MESA PHARMACY, INC., | **FINDINGS AND RECOMMENDATIONS** |
|     Defendant. | |
| DAVE BROWN, an individual, | |
|     Fourth-Party Plaintiff, | |
| vs. | |
| MEDCARE FINANCE LLC, a Nevada Limited Liability; and GREG L. SUNDEM, an individual, | |
|     Third Party Defendant. | |

This matter is before the Court on Fourth Party Plaintiff Dave Brown's Motion for Default Judgment Against Fourth Party Defendant Medcare Finance LLC (#53), filed on April 18, 2016. No response to the Motion was filed. This proceeding is referred to the undersigned pursuant to 28 U.S.C. 636(a) and (b) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

**BACKGROUND**

Plaintiff MedCapGroup, LLC ("MedCap") filed its Complaint on November 7, 2014 alleging claims against Defendant Paxsyn, Inc. formally known as Mesa Pharmacy, Inc. ("Mesa"), among others, for breach of contract, breach of the covenant of good faith and fair dealing, intentional misrepresentation, fraud in the inducement, and violations of Nevada Revised Statute § 598.015. These claims arose after the parties entered into several accounts receivable purchase

agreements. (*See* ECF No. 1). Shortly thereafter, Mesa filed a Third-Party Complaint against Dave Brown ("Brown"), asserting that Brown is liable to Mesa for all or part of MedCap's claims against Mesa because Brown was in charge of arranging MedCap's purchase of the accounts receivables. (*See* ECF No. 6).

Brown denies any involvement in the underlying accounts receivable purchase agreements, and on September 1, 2015 filed a Fourth Party Complaint against Medcare Finance, LLC ("Medcare") and Greg Sundem ("Sundem"). (ECF No. 35). Brown's Fourth Party Complaint asserts that Sundem—rather than Brown—as the managing member of and in concert with Medcare, was the individual in charge of facilitating MedCap's purchase of Mesa's accounts receivables. *Id.* at ¶¶ 15–22. As a result Brown alleges claims of Indemnification and Contribution, as well as Declaratory Relief against Sundem and Medcare. On October 22, 2015, Brown filed a Notice of Proof of Service of Fourth-Party Defendant Medcare.[1] (ECF No. 43). Medcare did not file a responsive pleading, and upon Brown's Motion (ECF No. 46), the Clerk of the Court entered default against Medcare on December 17, 2015. (*See* ECF No. 47). Based on Medcare's failure to answer or otherwise appear before this Court, Brown now seeks an order pursuant to Federal Rule of Civil Procedure 55(b), awarding a default judgment against Fourth-Party Defendant Medcare. (*See* ECF No. 53).

**DISCUSSION**

**I.     Adequacy of Service of Process**

As a preliminary matter, a court must determine whether the service of process was adequate. A federal court does not have jurisdiction over a defendant unless the defendant has been properly served. *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4 of the Federal Rules of Civil Procedure governs service of process in a federal action. According to Rule 4, a corporation may be served by "following state law for

---

[1] On October 22, 2016, Brown filed a Proof of Service (ECF No. 42) as to Sundem. Thereafter, Brown moved for entry of default by the Clerk of Court. *See* ECF No. 48. The District Court denied Brown's motion and found that Brown's proof of service did not demonstrate that his process server complied with NRS § 14.090. *See Order* (ECF No. 49). Brown has not re-filed a motion for entry of clerks default against Sundem since that time.

serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  A corporation may also be served by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B).  However, Nevada law permits service of the summons and complaint by delivering it to the secretary of state when service on the entity's officer or other authorized agent is not available.  Nev. R. Civ. P. 4(d)(1).

Here, the executed summons (ECF No. 43) indicates that a process server served the Fourth Party Complaint and Summons on Fourth Party Defendant Medcare, on October 9, 2015, via the Nevada Secretary of State because Medcare went into default status as of July 31, 2014.  *See Fourth Party Complaint* (ECF No. 35), ¶ 25).  Thus, service of process was adequate.

## II.     Default Judgment

Rule 55 of the Federal Rules of Civil Procedure sets forth the two-step procedure for obtaining a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  First, the clerk of the court must enter default against the party.  Fed. R. Civ. P. 55(a).  Second, the party seeking default judgment must then petition the district court for entry of a default judgment.  Fed. R. Civ. 55(b)(2).

The grant or denial of a motion for the entry of default judgment is within the discretion of the district court.  *Liberty Ins. Underwriters Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1317 (D. Nev. 2013) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).  The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel*, 782 F.2d at 1471–72.

In applying the *Eitel* factors, the well-pleaded factual allegations of the complaint are taken as true after the court clerk enters a default, except for the allegations relating to damages. *See, e.g., TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *Liberty Ins.*, 53 F. Supp. 3d at 1317. "Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys.*, 826 F.2d at 917. In particular, a court may require a moving party to "establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2)(C).

In this case, the Clerk entered a default against Medcare on December 17, 2015. *See* Clerk's Entry of Default (ECF No 47). Thus, the Court will evaluate the *Eitel* factors.

### A.  Possibility of Prejudice to the Plaintiff

The first *Eitel* factor favors default judgment where the plaintiff will suffer prejudice if default judgment is not entered. 782 F.2d at 1471. Simply delaying the resolution of the case is not prejudicial under this standard. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). The standard is whether plaintiff's ability to pursue the claim will be hindered. *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 462 (9th Cir. 1984)).

Medcare has failed to appear since being served on October 9, 2015. As a result, Brown "will likely be without other recourse for recovery" if default judgment is not entered in his favor. *Liberty Ins.*, 53 F. Supp. 3d at 1318 (quoting *Pepsico, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). In addition, by failing to answer or otherwise respond to the complaint, Medcare is deemed to have admitted the truth of Brown's averments. *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Therefore, the Court finds that this factor weighs in favor of entry of a default judgment.

### B.  Merits of the Plaintiff's Substantive Claims and Sufficiency of the Complaint

The second and third *Eitel* factors favor default judgment if the plaintiff makes enough factual allegations to state a claim upon which relief can be granted, in accordance with Rule 8(a). 782 F.2d at 1471; *Cal. Security Cans*, 238 F. Supp. 2d at 1177. As discussed below, the second and third *Eitel* factors weigh in favor or entering a default against Medcare.

. . .

### 1. Indemnification

Brown's Fourth Party Complaint asserts a cause of action for indemnification.[2] This is a claim upon which relief can be granted, and Brown has sufficiently pled this claim to fulfill the requirements of Federal Rule of Civil Procedure 8. Under Nevada law, "no member or manager of any limited-liability company formed under the laws of this State is individually liable for the debts or liabilities of the company." Nev. Rev. Stat. § 86.371. Nevada law also provides for the indemnification of members or employees of limited liability companies if the member or employee was or is a party to a pending action against any expenses, including attorney's fees, judgments, fines and amounts paid in settlement actually and reasonably incurred, if the member's or employee's actions were made in good faith. *See* Nev. Rev. Stat. § 86.411.

The Fourth Party Complaint alleges that Brown was employed by Medcare during the relevant time period as Medcare's Chief Operating Officer. *Fourth Party Complaint* (ECF No. 35), ¶ 10. As a result, Brown asserts that his actions were taken on behalf and for the benefit of Medcare. *Id.* at ¶ 11. Brown also asserts that because he took actions solely on behalf of and for the benefit of Medcare, that his conduct was made in good faith for purposes of NRS 86.411. *Motion for Default Judgment* (ECF No. 53), pg. 8. Therefore, Brown has sufficiently pled the elements to obtain indemnification from Medcare on Brown's First Claim for Relief.

### 2. Declaratory Relief

Brown's Fourth Party Complaint also asserts a cause of action for declaratory relief. This is a claim upon which relief can be granted, and Brown has sufficiently pled this claim to fulfill the requirements of Federal Rule of Civil Procedure 8. To obtain a declaratory judgment under the Declaratory Judgment Act, (1) there must be a substantial justiciable controversy, (2) between parties whose interests are adverse, and (3) the issue involved in the controversy must be ripe for judicial determination. *See Vignola v. Gilman*, 804 F.Supp.2d 1072 (D.Nev. 2011); 28 U.S.C.A § 2201(a); *see also* Nev. Rev. Stat. § 30.010, *et seq.*

---

[2] Brown also asserted a claim against Medcare for Contribution. However, that claim was alleged in the alternative and is now moot because Medcare failed to respond or otherwise appear in this case.

The Fourth Party Complaint alleges that there is a justiciable controversy between Mesa, Brown, Sundem and Medcare, that the interests of those parties are adverse, and that Brown has a legally protectable interest in the controversy. *Fourth Party Complaint* (ECF No. 35), ¶ 36. Furthermore, Brown alleges that this matter is ripe for a judicial determination pursuant to the relevant provisions of Chapter 30 of the Nevada Revised Statutes. *Id.* at ¶ 36. Moreover, Brown's Fouth Party Complaint asserts that he was an employee of Medcare at all times relevant to this action. As a result, Brown asserts that under Nevada Revised Statute § 86.371 he cannot be found individually liable for the debts or liabilities of Medcare and therefore, is not a proper party to this case. *See Motion for Default Judgment* (ECF No. 53), pgs. 8–10. Brown requests that the Court enter a declaratory judgment acknowledging these facts. Therefore, Brown has sufficiently pled the elements to obtain a declaratory judgment against Medcare.

### C. Sum of Money at Stake in the Action

The fourth *Eitel* factor weighs against a default judgment when there is a substantial amount of money involved. 782 F.2d at 1472. In evaluating this factor, the court must compare the amount of money at stake to the seriousness of the defendant's conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176.

The amount of money Brown requests in indemnification has not yet been determined since MedCap's claims against Mesa remain unresolved and will only be determined after trial. However, given that the amount of a monetary judgment will be decided by the court or a jury based on the merits of the case, there is no risk of an unreasonably high amount of damages as to Medcare.

### D. Possibility of a Dispute Concerning Material Facts

The fifth *Eitel* factor weighs against a default judgment where there is a possibility of a dispute about material facts. 782 F.2d at 1471–72. Because this Court takes all allegations in a well-pleaded complaint as true after the Clerk enters default, there is no likelihood that any genuine issue of material fact exists in this case. *See, e.g., Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). Medcare has not answered the Fourth Party Complaint, and nothing in the record indicates that any of the material facts regarding Medcare are in dispute. Therefore, accepting the facts as stated in the Fourth Party Complaint as true given the sufficiency of the

Fourth Party Complaint, this factor weighs in favor of a default judgment.

### E. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor favors default judgment where default was not due to excusable neglect. 782 F.2d at 1472. Brown has demonstrated that his process server properly served Medcare with the Summons and Fourth Party Complaint. Further, Brown represents that Medcare's principal, Greg Sundem, is aware of the Fourth Party Complaint and yet no responsive pleading was provided on Medcare's behalf. Medcare's failure to appear is therefore willful, and this factor weighs in favor of entry of a default judgment.

### F. The Strong Policy Favoring Decisions on the Merits

The final *Eitel* factor instructs a court to examine whether a default judgment is appropriate in light of the strong policy in the Federal Rules of Civil Procedure favoring decisions on the merits. 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). However, the mere existence of Rule 55(b) indicates that this preference is not dispositive. *Cal. Security Cans*, 238 F. Supp. 2d at 1177. Here, Brown has no opportunity to try his case on the merits when Medcare has failed to respond or otherwise defend itself in this action. Therefore, this factor weighs in favor of entry of a default judgment.

### Conclusion

Based on the foregoing, the Court find that Brown's service of process on Medcare was adequate. The Clerk of Court entered the default against Medcare on December 17, 2015. *See* Clerk's Entry of Default (ECF No. 47). Weighing all the *Eitel* factors, this Court finds that entry of the default judgment is appropriate.

For the reasons stated above,

**IT IS HEREBY RECOMMENDED** that Fourth Party Plaintiff Dave Brown's Motion for Default Judgment Against Fourth Party Defendant Medcare Finance LLC (#53) be **granted** and that judgment be entered in favor of Fourth Party Plaintiff Brown as follows:

1. Brown is to be indemnified from any liability by Medcare on Brown's First Claim for Relief; and

2. Brown is entitled to the protections of Nevada law limiting the liability of a member

of a limited liability company, and therefore, the conduct alleged against Brown, if wrongful, was in Brown's capacity as an employee of Medcare, and not individuall, such that any liability is imputed to Medcare and not Brown individually.

**IT IS FURTHER RECOMMENDED** that the Clerk of the Court be instructed to enter judgment accordingly.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 7th day of November, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge