**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MEDCAPGROUP, LLC,<br><br>  Plaintiff<br><br>v.<br><br>PRAXSYN, Inc. fka MESA PHARMACY, INC,<br><br>  Defendant<br><br>all other claims and parties | 2:14-cv-01864-JAD-GWF<br><br>**Order & Default Judgment Against Fourth-Party Defendant Medcare Finance, LLC**<br><br>[ECF Nos. 53, 84, 87] |

When MedCapGroup, LLC sued prescription-medicine compounder Mesa Pharmacy,[1] alleging that Mesa's undisclosed conduct before selling certain of its accounts receivable to MedCap rendered those accounts uncollectable, Mesa filed a third-party complaint against Dave Brown, claiming that Brown—the middleman in the account-purchase transaction—is responsible for the misrepresentations. Brown claims that he was acting as the Chief Operating Officer of Medcare Finance, LLC and that it was Medcare and its manager Greg Sundem who are responsible for Medcare's actions—not him. Medcare did not answer Brown's fourth-party complaint for indemnification and declaratory relief, and the Clerk entered default. Brown now moves for—and the magistrate judge recommends that I grant—a default judgment against Medcare.[2] Medcare objects.[3] After a de novo review, I adopt the recommendation, grant the motion, and direct the Clerk to enter default judgment against Medcare.

---

[1] Mesa is now known as Praxsyn, Inc.

[2] ECF No. 54 (motion); ECF No. 84 (findings and recommendation). I find these matters suitable for disposition without oral argument. Nev. L.R. 78-1.

[3] ECF No. 87.

**Discussion**

**A.     Medcare was served.**

The magistrate judge's first step in evaluating Brown's motion for default judgment was to confirm that Medcare was properly served with process.[4] Medcare is a Nevada limited liability company in "revoked" status with the Nevada Secretary of State.[5] Brown served Medcare using a combination of rules: FRCP 4(e)(1), which permits service by a method prescribed by state law; and Nevada Rule of Civil Procedure 4(d)(1), which allows service on a corporation to be made on the Nevada Secretary of State.[6] Medcare challenges the magistrate judge's conclusion that service was adequate, arguing that "there is no evidence that Brown complied with NRCP 4(d)(1) and sent a copy of the complaint and summons via registered or certified mail to Greg Sundem, as manager of Medcare."[7]

But Medcare's suggestion that the rule mandated this mailing ignores key language in the rule. NRCP 4(d)(1) requires that a copy of service also be mailed only "if it shall appear . . . that there is a last known address of a known officer, general partner, member, manager, trustee or director of said entity or association *outside the state*."[8] The Secretary of State's records reflect a single manager of Medcare: Greg Sundem. Both addresses on record for Sundem are Nevada addresses, so it does not appear that any manager has an address "outside the state."[9] So Brown did not have to mail a copy of the summons and complaint to Sundem to effectuate service under NRCP 4(d)(1); he was required only to serve the Secretary of State and post a copy of the

---

[4] ECF No. 84 at 2–3.

[5] ECF No. 54 at 5.

[6] ECF No. 43 (affidavit of service).

[7] ECF No. 87.

[8] Nev. R. Civ. P. 4(d)(1) (emphasis added).

[9] ECF No. 54 at 5 (listing a Reno address and a Las Vegas address for Sundem).

1  summons and complaint at this courthouse, which he did.[10]  Medcare's objection to the
2  magistrate judge's determination that Medcare was properly served is overruled.
3  **B.      The *Eitel* Factors support a default judgment against Medcare.**
4         District courts consider seven factors when deciding whether to enter a default judgment
5  against a defaulted party: (1) potential prejudice to the claimant; (2) the merits of the claimant's
6  substantive claim; (3) the sufficiency of the complaint; (4) the amount of money at stake in the
7  action; (5) the potential dispute of material facts; (6) whether the default was due to excusable
8  neglect; and (7) the strong federal policy favoring adjudications on the merits.[11]  The magistrate
9  judge found that these factors weigh in favor of entering a default judgment in favor of Brown
10 and against Medcare.[12]  Medcare challenges that conclusion.[13]
11        Medcare's main argument is that the factors do not support a default judgment because it
12 was not properly served.[14]  Having found that service was properly effectuated, I give no weight
13 to this argument.  In challenging the first *Eitel* factor—the potential prejudice to
14 Brown—Medcare adds that "if this Court were to set aside the default and allow the case to
15 proceed on its merits[,] Brown would be able to pursue his claims against Medcare."[15]  But the
16 record does not support this notion.  Service was effectuated on Medcare via Nevada's
17 alternative statutory method for service on corporations because Medcare's corporate status was
18 in default.[16]  That service was completed in October 2015,[17] and the Clerk entered default against

---

[10] *See* Nev. R. Civ. P. 4(d)(1) and ECF No. 43.

[11] *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

[12] ECF No. 84 at 7.

[13] ECF No. 87.

[14] *Id.* at 3.

[15] *Id.*

[16] ECF No. 54 at 2, ¶ 4.

[17] ECF No. 43.

Medcare more than a year ago.[18] But Medcare made no effort to set aside the default; it first joined the default discussion after Magistrate Judge Foley recommended that I enter default judgment against Medcare, even though Medcare is represented by the same attorney that represents defendant Mesa.[19] Medcare has given me no reason to believe that it—a defunct Nevada corporation that has ignored this litigation for more than a year—will suddenly defend this case on its merits if I disregard the magistrate judge's well-reasoned recommendation and (without even a motion to do so) set aside the Clerk's default against it. Thus, the first *Eitel* factor continues to weigh in favor of entering a default judgment.

I also cannot conclude on this record that Medcare's failure to participate in this case was the result of excusable neglect. Its argument that it was improperly served rests on its own decision to ignore a critical clause in NRCP 4(d)(1). Medcare does not argue that it was unaware of this lawsuit, just that it was justified in ignoring the suit because service was inadequate.[20] Ignoring service based on a selective reading of the service rules is not excusable neglect. The sixth factor also weighs in favor of entering a default judgment.

On the second through fifth factors, Medcare offers only the conclusory statements that Brown's factual allegations "are without merit because the acts he committed in this case were solely for his benefit," not Medcare's; that the amount of money at stake is yet undetermined; and that the facts are "in dispute."[21] But just saying so does not make it so. As a result of Medcare's failure to respond to the complaint, the facts are deemed admitted, and Medcare has proffered nothing to refute them. Thus, the second and fifth *Eitel* factors weigh in favor of default.

Magistrate Judge Foley undertook a review of Brown's claims against Medcare, complete with a discussion of the applicable standards, and he concluded that Brown had adequately pled

---

[18] ECF No. 47.

[19] ECF No. 87.

[20] *Id*. at 4–5.

[21] *Id*. at 3–5.

the facts to obtain indemnification and declaratory relief against Medcare.[22] Medcare offers nothing substantive to undermine that conclusion, and my own de novo review unearths nothing. So, the third factor also weighs in favor of entering a default judgment.

The fourth factor—the amount of damages at stake—is yet unknown and thus does not tip the scales in either direction. And although the seventh and final factor almost always weighs against the entry of default judgment, I do not find that the public policy favoring the resolution of claims on their merits outweighs factors one, two, three, five, and six, all of which weigh in favor of entering default judgment against Medcare.

## Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

- The Magistrate Judge's **Findings and Recommendations [ECF No. 84] are ADOPTED**;
- Medcare's objections to the Magistrate Judge's Report and Recommendations **[ECF No. 87] are OVERRULED**;
- Dave Brown's Motion for Default Judgment Against Fourth-Party Defendant Medcare Finance, LLC **[ECF No. 53] is GRANTED**. The Clerk of Court is instructed to enter JUDGMENT[23] in favor of Brown and against fourth-party defendant Medcare as follows:
  - Medcare must indemnify Brown for any liability in this case, consistent with Brown's first claim for relief; and

. . .

---

[22] ECF No. 84 at 4–6.

[23] This judgment only resolves the claims by third-party defendant/fourth-party plaintiff Brown against fourth-party defendant Medcare Finance LLC.

- Should Brown be held liable in this case, Brown is entitled to the protections of Nevada law limiting the liability of a member of a limited liability company; therefore, the conduct alleged against Brown, if wrongful, was in Brown's capacity as an employee of Medcare and not individually, so that Brown's liability in this case, if any, will be imputed to Medcare and not to Brown individually.

DATED: February 8, 2017

_____
Jennifer A. Dorsey
United States District Judge